**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **ENDRYS JOSE PELLONI MUJICA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-783-KC** |
| | § | |
| **PAM BONDI, et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER

On this day, the Court considered the case. On April 1, 2026, the Court granted in part Endrys Jose Pelloni Mujica's Petition for Writ of Habeas Corpus and ordered Respondents to either (1) provide him with a bond hearing before an immigration judge ("IJ"), at which the Government was to bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, his continued detention; or (2) release him from custody, under reasonable conditions of supervision. Apr. 1, 2026, Order 3, ECF No. 6.

On April 8, Respondents filed a Status Report, ECF No. 8, informing the Court that, on April 7, 2026, an IJ denied Pelloni Mujica bond based on flight risk. *See id.* Ex. A ("IJ Order"), ECF No. 8-1. Finding no maters remained to be resolved, the Court closed the case. *See* Final J., ECF No. 9.

Pelloni Mujica has now filed a Notice, ECF No. 13, informing the Court that he remains detained pursuant to the bond denial and asking the Court to "take appropriate action to enforce its ruling." Pelloni Mujica argues that Respondents have failed to comply with the Court's Order because, "[a]s stated in the Court's Order, a denial of bond does not satisfy Respondents' obligation to comply, and failure to comply requires [his] release from custody." *Id.*

However, Pelloni Mujica appears to have misunderstood the Court's Order, which cautioned Respondents that "a proceeding in which bond is denied by the IJ *for lack of jurisdiction* does not satisfy Respondents' obligation to provide a bond hearing in compliance with this Order, and therefore requires release from custody." Apr. 1, 2026, Order 4 (emphasis added). Here, the IJ did not deny Pelloni Mujica bond for lack of jurisdiction, but rather, denied him bond based on flight risk. *See* IJ Order. There is no indication that, in making this determination, the IJ failed to make factual findings or conduct an individualized determination. To the extent Pelloni Mujica disagrees with the IJ's determination, he may file an appeal with the Board of Immigration Appeals or request a custody redetermination. But this Court lacks jurisdiction to sit in review of an IJ's discretionary finding that an alien is a flight risk and therefore should be denied bond. *See Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 678–79 (W.D. Tex. 2025) (citing 8 U.S.C. § 1226(e)). Whether the Court agrees with the IJ's determination is of no importance—the Court simply lacks jurisdiction to review such a finding. *See id.*

Accordingly, to the extent Pelloni Mujica seeks to reopen the case and an order for his release, these requests are **DENIED**.

The case shall remain closed.

**SO ORDERED**.

**SIGNED this 11th day of May, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

2